Filed 10/31/14  P. v. Romero CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ORLANDO ROMERO, <br><br> Defendant and Appellant. | E060004 <br><br> (Super.Ct.Nos. FSB1200331 & FSB1303206) <br><br> OPINION |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Affirmed.

Frank J. Torrano, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Sharon Rhodes and Adrianne S. Denault, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Orlando Romero pled guilty in case No. FSB1200331 (the GBI case) to assault by force likely to produce great bodily

injury.  (Pen. Code[1], § 245, subd. (a)(1).)  On March 23, 2012, in accordance with the plea agreement, a trial court suspended sentence and placed defendant on probation for a period of three years, under specified terms.  Defendant was later charged with driving under the influence, within 10 years of a prior conviction of the same offense (Veh. Code, §§ 23152, subd.(a)/23550.5), and driving with a suspended or revoked license (Veh. Code, § 14601.2) (case No. FSB1303206 or the DUI case).  A jury subsequently found defendant guilty in the DUI case, and the trial court found him in violation of his probation.  The court revoked his probation in the GBI case and sentenced him to the upper term of four years in county prison.  The court then sentenced him to a consecutive eight months in the DUI case.

On appeal, defendant contends that the trial court improperly relied on his "post-probation conduct" in the DUI case, as well as a juror's statement, to impose the upper term in the GBI case.  In the alternative, he argues that his counsel's failure to object to the alleged errors constituted ineffective assistance of counsel (IAC).  We affirm.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

*The GBI Case (case No. FSB1200331)*

On March 23, 2012, defendant entered a plea agreement and pled guilty to assault by means likely to produce great bodily injury.  (§ 245, subd. (a)(1).)  In exchange, the trial court suspended sentence and placed defendant on probation for a period of three years, under specified terms, including that he violate no law.

---

[1]  All further statutory references will be the Penal Code, unless otherwise noted.

2

*The DUI Case (case No. FSB1303206)*

Defendant was subsequently charged with driving under the influence, within 10 years of a prior conviction of the same offense (Veh. Code, §§ 23152, subd.(a)/23550.5, count 1), and driving with a suspended or revoked license (Veh. Code, § 14601.2, count 2). It was also alleged that he willfully refused a peace officer's request to submit to a chemical test, as to count 1 (Veh. Code, § 23577), and that he had served one prior prison term (§ 667.5, subd. (b)). The probation officer filed a petition for revocation of probation in the GBI case, based on the DUI case. The court decided to make a determination as to the probation violation concurrently with the trial in the DUI case.

A trial was held, and an off-duty police officer testified that he observed defendant drive his motor scooter onto a pedestrian walkway in front of a Target store. The officer testified that some people exiting the store had to stop because defendant continued to accelerate on the walkway. The officer eventually made contact with defendant and noticed that his speech was slurred. The officer asked if he was intoxicated, and defendant told him to mind his own business. The officer called 911 and waited with defendant until other officers arrived. Defendant refused to take any field sobriety or chemical tests. Based on defendant's slurred speech, red and watery eyes, and smell of alcohol, the police arrested him for DUI. The officer took defendant to jail and overheard him admit that he had been drinking bourbon.

After the first three witnesses testified at trial, the bailiff informed the court that one of the jurors mentioned he might have been "in the area that day." Out of the presence of the other jurors, the court questioned the juror. The juror said he thought he

3

might have been at Target on the day of the incident because he remembered coming out of the store and almost being hit by a man on a scooter. He said he and his wife "had to step back because it was very odd, a person on a scooter that came by right in front of us." The juror remembered seeing the police as well. The court excused the juror from his duty and seated another juror.

The jury subsequently found defendant guilty of counts 1 and 2 and found true the allegations that he willfully refused to submit to a chemical test to determine his blood-alcohol content. The court then found defendant in violation of his probation. The court sent both cases to the probation department for presentence recommendations.

A hearing was held on October 25, 2013. The court noted that it read the probation officer's report, which recommended that defendant's probation be reinstated in the GBI case, and that he be sentenced in the DUI case to county jail and mandatory supervision under section 1170, subdivision (h)(5)(A). The court stated it was not inclined to follow the recommendation to give defendant a split sentence. The court allowed counsel to argue, and then revoked defendant's probation in the GBI case and sentenced him to the upper term of four years. It sentenced him to eight months in the DUI case. (§ 1170, subd. (h)(5)(A).)

ANALYSIS

I. The Court Properly Imposed the Upper Term

Defendant argues that the trial court improperly imposed the upper term in the GBI case, based on his conduct in the DUI case, in violation of California Rules of Court, rule 4.435 (rule 4.435). Defendant similarly claims that the court based the upper term on

the juror's statement that he had to "step back" to avoid the person on the scooter, as well as the court's "faulty conclusion" from that statement. We disagree.

Rule 4.435, subdivision (b)(1), provides that when a defendant violates the terms of probation, and the sentencing judge determines that he will be committed to prison, "[t]he length of the sentence must be based on circumstances existing at the time probation was granted, and subsequent events may not be considered in selecting the base term . . . ." "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . . The court shall select the term which, in the court's discretion, best serves the interests of justice." (§ 1170, subd. (b).) Sentencing courts have wide discretion in weighing aggravating and mitigating factors. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) A single factor in aggravation is sufficient to justify the imposition of the upper term. (*People v. Cruz* (1995) 38 Cal.App.4th 427, 433 (*Cruz*).) "'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.]" (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)

Defendant specifically claims that the court's "perceived dangerousness of [his] post-probation conduct *in the DUI case* [citation] was the prime mover of its desire to imprison him for the longest possible time." (Italics in original.) He argues that, since

5

there was no trial in the GBI case prior to the grant of probation, there were "no aggravating circumstance that could be relied on by the trial court" to impose the upper term. He then contends that the court violated rule 4.435 when it imposed the upper term, based on his "post-probation conduct" in the DUI case. We disagree. The trial court properly exercised its discretion in imposing the upper term. It read and considered the probation officer's report. The probation report did not list any factors relating to the crime as circumstances in aggravation, but only listed factors relating to the defendant. (Cal. Rules of Court, rule 4.421, subd. (b).) The court commented on defendant's past convictions, noting that "[h]is record vacillates between driving under the influence offenses and crimes of violence." The probation report reflected that defendant had prior convictions dating back to 2000, including seven misdemeanors and three felonies. Immediately before the court sentenced defendant to the upper term, it stated the following: "This is not someone who [*sic*] I have any faith will reform, will change his ways or will ever be socially acceptable. It appears to me the only way to keep the public safe is to keep him locked up for as long as possible and I am going to do that." The court then found that defendant had a prior record of criminal conduct, that his record indicated a pattern of regular or increasingly serious conduct, and that his prior convictions as an adult were numerous. These factors relating to defendant were proper aggravating circumstances for the court to consider and rely on. (Cal. Rules of Court, rule 4.421, subd. (b)(2).)

As to defendant's claim that the court based the upper term on his "post-probation conduct," we note that the court sent both the GBI and DUI cases to the probation

6

department at the same time for sentencing recommendations.  We also recognize that the court made its sentencing decisions in both cases at the same hearing.  Therefore, the court had to consider defendant's conduct in the DUI case during this hearing.  Although the court commented that defendant's conduct in the DUI case was "extremely dangerous to human life," this conduct was not necessarily mentioned as a factor in aggravation in sentencing defendant to the upper term.

In a similar claim, defendant argues that the court "expressly" and "heavily" relied on the juror's statement that he and his wife had to "step back" because there was a person on a scooter that drove right in front of them.  He further contends that the court could not reasonably infer from this statement that he drove on the sidewalk and thereby "forc[ed] individuals to jump out of his way."  There is no indication in the record that the court relied on the juror's statement, or the court's alleged inference from such statement, in imposing the upper term.

Even if the trial court did improperly rely on defendant's conduct in the DUI case and/or the juror's statement as aggravating factors, there were still unassailable valid factors in aggravation.  Defendant has not questioned the use of his prior record of criminal conduct, which indicated a pattern of regular or increasingly serious conduct, or his numerous prior convictions as valid factors in aggravation.  As stated earlier, a single valid factor in aggravation is sufficient to justify an upper term.  (*Cruz*, *supra*, 38 Cal.App.4th at p. 433.)

We conclude that the court properly imposed the upper term in the GBI case.

## II. Defendant Has Failed to Establish IAC

The People argue that defendant failed to timely object to the trial court's alleged reliance on his conduct in the DUI case and the juror's statement at the sentencing hearing; thus, defendant has forfeited such claims. Defendant contends that, if this court agrees that his claims have been forfeited on appeal, then his counsel's failure to object constituted IAC. Defendant has failed to establish IAC.

"'To establish ineffective assistance of counsel under either the federal or state guarantee, a defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and that counsel's deficient performance was prejudicial, i.e., that a reasonable probability exists that, but for counsel's failings, the result would have been more favorable to the defendant. [Citations.]' [Citation.]" (*In re Roberts* (2003) 29 Cal.4th 726, 744-745.) "If a claim of ineffective assistance of counsel can be determined on the ground of lack of prejudice, a court need not decide whether counsel's performance was deficient. [Citations.]" (*In re Crew* (2011) 52 Cal.4th 126, 150 (*Crew*).)

For the reasons discussed *ante*, there is no reasonable probability that objections would have yielded a more favorable result. (See *ante*, § I.) Thus, defense counsel did not render ineffective assistance by failing to object. (*Crew*, *supra*, 52 Cal.4th at p. 150.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

KING
J.

MILLER
J.